# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MCNEELY,
Petitioner,

v. : CIVIL ACTION NO. 18-CV-2792

COMMONWEALTH OF
PENNSYLVANIA, *et al.*,
Respondents.

FILED
JUL: 3 1 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**BEETLESTONE, J.** JULY 3\, 2018

*Pro se* Petitioner James McNeely, a State inmate currently incarcerated at SCI Dallas, has filed a "Petition for Review in the Nature of Mandamus" (hereinafter, "Petition") against the Commonwealth of Pennsylvania, the Pennsylvania Board of Probation and Parole, and Superintendent Mahally. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 6.) For the following reasons, the Court will grant McNeely leave to proceed *in forma pauperis* and dismiss his Petition.

## I. FACTS

McNeely is a State inmate who "is detained as a Convicted Parole Violator." (Pet. at 15.)[1] On March 25, 2013, McNeely was released on parole from SCI Rockview. (*Id.*) On June 23, 2016, McNeely was arrested on new charges in Delaware County, Pennsylvania. (*Id.*) These charges included several counts of aggravated assault and reckless endangerment of another person, as well as tampering with/fabricating physical evidence, resisting arrest, possession of a controlled substance, possession of drug paraphernalia, driving without a license, driving an

---

[1] The Court uses the pagination assigned to the Petition by the CM/ECF docketing system.

unregistered vehicle, and failure to carry registration. *Commonwealth v. McNeely*, Docket No. CP-23-CR-0004619-2016 (Delaware Cty. Common Pleas). Because of these new charges, on March 3, 2017, the Pennsylvania Board of Probation and Parole lodged a detainer against McNeely. (Pet. at 15.) On April 27, 2017, McNeely was found guilty of tampering with/fabricating physical evidence, resisting arrest, and possession of a controlled substance, and was sentenced to a term of one (1) to two (2) years of incarceration. *Commonwealth v. McNeely*, Docket No. CP-23-CR-0004619-2016 (Delaware Cty. Common Pleas).

On June 27, 2017, McNeely received a "green sheet" from the Pennsylvania Board of Probation and Parole. (Pet. at 16.) This "green sheet" stated that McNeely would be "'recommit[ted] to a State Correctional Facility, as a Convicted Parole Violat[o]r to [s]erve 37 months backtime for a total of 3 years, 4 months, 8 days (Equals 1227 days).'" (*Id.*) A week later, McNeely filed a "timely petition for [a]dministrative [r]eview, to the Pennsylvania Board [o]f Probation and Parole, challenging the recalculation of [his] [o]riginal [m]aximum [s]entence." (*Id.*)

McNeely now claims that the Pennsylvania Board of Probation and Parole has delayed in responding to his petition for administrative review. (*Id.*) He contends that because of this, he has been precluded from exhausting all of his state administrative remedies. (*Id.* at 19.) McNeely contends that his original maximum sentence expired on September 23, 2016, and that the back time he has been ordered to serve exceeds the time remaining on his original maximum sentence. (*Id.*) He further argues that because he has not received a response to his petition for administrative review, the Pennsylvania Board of Probation and Parole has failed to provide him a "contemporaneous statement explaining its reason for denying [him] credit for time spent at liberty on parole." (*Id.* at 26.) As relief, he requests that the Court grant his Petition and "[o]rder

2

the Parole Board Director to recalculate time credit withdrawn which is 3 years, 3 months, 18 days, 1,188 days, and or modify it[]s decision to state a term not in excess of [his] [o]riginal [m]aximum [s]entence of September 23, 2017, which was imposed by the Pennsylvania Court." (*Id.* at 31.)

## II. STANDARD OF REVIEW

The Court will grant McNeely leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, McNeely's Petition is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Petition if it fails to state a claim. Whether a petition fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the petition contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As McNeely is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Under the All Writs Act, this Court has jurisdiction to issue writs of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). However, before entertaining a petition for a writ

---

[2] However, because McNeely is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(b).

3

of mandamus, this Court "must identify a jurisdiction that the issuance of the writ might assist." *United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981). As noted above, McNeely requests that the Court "[o]rder the Parole Board Director to recalculate time credit withdrawn which is 3 years, 3 months, 18 days, 1,188 days, and or modify it[]s decision to state a term not in excess of [his] [o]riginal [m]aximum [s]entence of September 23, 2017, which was imposed by the Pennsylvania Court." (Pet. at 31.) This Court, however, lacks the authority to issue a writ of mandamus to state officials. *See In re Jones*, 28 F. App'x 133, 132 (3d Cir. 2002) (per curiam) (noting that "[t]he federal courts . . . have no general power in a mandamus action to compel action . . . by state officials"); *see also In re Brown*, 382 F. App'x 150, 150 (3d Cir. 2010 (per curiam) (noting that a request for "an order directing state courts or state officials to take action . . . lies outside the bounds of . . . mandamus jurisdiction as a federal court"); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"). Thus, the Court cannot provide the relief McNeely seeks, and his Petition must be dismissed for lack of jurisdiction.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant McNeely leave to proceed *in forma pauperis* and dismiss his Petition for lack of jurisdiction. This dismissal will be without prejudice to McNeely's right to seek mandamus relief in the state courts or his right to challenge

---

[3] While district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, this provision does not apply, as § 1361 does not afford a remedy against state actors, *see Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (per curiam) ("The District Court properly concluded that such a remedy was not available because, to the extent they sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories.").

4

his parole revocation sentence by filing a petition for a writ of *habeas corpus* after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *In re Robinson*, 425 F. App'x 114, 115 (3d Cir. 2011) (per curiam).[4] McNeely will not be permitted to file an amended petition for a writ of mandamus, as he cannot cure the defect noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**

---

[4] If McNeely wishes to challenge the calculation of his parole revocation sentence in federal court, the exclusive remedy for doing so is through a petition for a writ of *habeas corpus*. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).