# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MCNEELY,<br>Petitioner, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 18-CV-2792 |
| COMMONWEALTH OF<br>PENNSYLVANIA, *et al.*,<br>Respondents. | :<br>: |



FILED
JUL 31 2018
KATE BARKMAN
By_____
Dep. Clerk

**ORDER**

AND NOW, this 31st day of July, 2018, upon consideration of Petitioner James McNeely's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6), his Prisoner Trust Fund Account Statement (ECF No. 7), and his *pro se* "Petition for Review in the Nature of Mandamus" (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(b).

2. McNeely, #JZ-4446, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by McNeely, an initial partial filing fee of $25.94 is assessed. The Superintendent or other appropriate official at SCI Dallas or at any other prison at which McNeely may be incarcerated is directed to deduct $25.94 from McNeely's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-2792. After the initial partial filing fee is collected and until the full filing fee is paid, the Superintendent or other appropriate official at SCI Dallas or at any other prison at which McNeely may be incarcerated, shall deduct from McNeely's account, each time that

McNeely's inmate trust fund account exceeds $10.00, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 18-2792.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Dallas.

4. The "Petition for Review in the Nature of Mandamus" is **DEEMED** filed.

5. The "Petition for Review in the Nature of Mandamus" is **DISMISSED** for lack of jurisdiction for the reasons set forth in the Court's Memorandum. This dismissal is **without prejudice** to McNeely's right to seek mandamus relief in the state courts or his right to challenge his parole revocation sentence by filing a petition for a writ of *habeas corpus* after exhausting state remedies. McNeely may not file an amended petition for a writ of mandamus in this matter.

6. The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**